UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>RAYMOND J. TAHIR and ANN W. TAHIR,<br><br>       DEBTORS. | CASE NO. 25-00222-5-PWM<br><br>CHAPTER 7 |
| U.S. SMALL BUSINESS ADMINISTRATION,<br><br>       PLAINTIFF,<br><br>v.<br><br>RAYMOND J. TAHIR<br><br>       DEFENDANT. | ADVERSARY PROCEEDING NO. 25-_____-5-PWM |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**

The United States of America (the "United States"), on behalf of its agency the United States Small Business Administration (the "SBA"), for its complaint against Raymond J. Tahir ("Mr. Tahir" or "Defendant") hereby alleges as follows:

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334(b).

    2.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3.  The Court has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

5.  Plaintiff is the United States acting on behalf of the SBA.

6.  Mr. Tahir is an individual residing within the Eastern District of North Carolina.

7.  On January 20, 2025, Mr. Tahir and his wife Ann W. Tahir filed a joint petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the chapter 7 case captioned: *In re Raymond J. Tahir and Ann W. Tahir*, Case No. 25-00222-5-PWM (Bankr. E.D.N.C.).

## GENERAL FACTUAL ALLEGATIONS

8.  In response to the COVID-19 pandemic, the SBA was given authority to make low-interest COVID-19 Economic Injury Disaster Loans ("EIDL Loans") to help small businesses and other entities overcome the effects of the pandemic by providing borrowers with working capital to meet ordinary and necessary operating expenses.

9.  The SBA made an EIDL Loan, identified by SBA Loan No. XXXXXX7902, totaling approximately $78,400.00 to Mr. Tahir, in three installments on or around June 14, 2020, January 28, 2021, and October 21, 2021.

10. In connection with the second and third installments of the EIDL Loan, Mr. Tahir signed updated loan documents including two Amended Loan Authorization and Agreement documents on or around June 13, 2020 and October 18, 2021, respectively. Each time, Mr. Tahir certified under penalty of perjury that there had been no substantial adverse change in his financial condition since the date of his initial loan application.

11. In making the second and third installments, the SBA reasonably relied upon Mr. Tahir's certification that there had been no substantial adverse change in his financial condition.

12. This certification was false with respect to the third installment. Prior to receiving the third installment of the EIDL Loan and prior to completing the accompanying Amended Loan Authorization and Agreement, there had been a substantial adverse change in Mr. Tahir's financial condition in the form of substantial delinquent federal income tax assessments of which Mr. Tahir was aware.

13. Specifically, (i) on August 17, 2020, the Internal Revenue Service ("IRS") assessed an unpaid balance of $3,588.84 related to tax year 2019; (ii) on April 19, 2021, the IRS assessed an unpaid balance of $11,659.31 related to tax year 2017, and (iii) on July 19, 2021, the IRS assessed an unpaid balance of $22,725.71 related to tax year 2018. On October 12, 2021, the IRS filed a notice of federal tax lien for these liabilities with the Johnston County Clerk of Superior Court.

14. Mr. Tahir's false certification regarding the lack of any substantial adverse change to his financial condition prior to receiving the third EIDL Loan installment constitutes: (i) false pretenses, false representations, or actual fraud under 11 U.S.C. § 523(a)(2)(A); and/or (ii) a statement in writing that was materially false respecting Mr. Tahir's financial condition under 11 U.S.C. § 523(a)(2)(B).

**FIRST CAUSE OF ACTION**
**(Exception from Discharge of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))**

15. The United States realleges and incorporates by reference all above paragraphs as though fully set forth herein.

16. Mr. Tahir obtained the third EIDL Loan installment from the SBA by false pretenses, false representations, or actual fraud, upon which the SBA reasonably and justifiably relied.

17. As a result of Mr. Tahir's use of false pretenses, false representations, or actual fraud, SBA has been damaged.

18. Mr. Tahir is personally liable to the SBA under 15 U.S.C. § 636(b), 15 U.S.C. § 645, and other applicable laws.

19. The debt owed to the SBA is non-dischargeble pursuant to 11 U.S.C. § 523(a)(2)(A).

**SECOND CAUSE OF ACTION**
**(Exception from Discharge of Debt Pursuant to 11 U.S.C. § 523(a)(2)(B))**

20. The United States realleges and incorporates by reference all above paragraphs as though fully set forth herein.

21. Mr. Tahir obtained the third EIDL Loan installment from the SBA by use of statements in writing that were materially false respecting Mr. Tahir's financial condition, that Mr. Tahir caused to be submitted to the SBA in applying for the EIDL Loan, and upon which the SBA reasonably relied.

22. As a result of Mr. Tahir's use of false statements in writing, the SBA has been damaged.

23. Mr. Tahir is personally liable to the SBA under 15 U.S.C. § 636(b), 15 U.S.C. § 645, and other applicable laws.

24. The debt owed to the SBA is non-dischargeble pursuant to 11 U.S.C. § 523(a)(2)(B).

## REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court:

1. Enter judgment determining that the debt owed to the United States is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B); and

2. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2025.

                                  DANIEL P. BUBAR
                                  Acting United States Attorney

By:    */s/ Benjamin J. Higgins*
        BENJAMIN J. HIGGINS
        Assistant United States Attorney
        Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        Telephone: (919) 856-4043
        Email: benjamin.higgins2@usdoj.gov
        Massachusetts Bar # 690969